UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CHORAZYCZEWSKI,

       Petitioner,                          Case No. 2:15-CV-12754
                                                    Hon. Matthew F. Leitman

v.

SHERMAN CAMPBELL,

       Respondent.
_____/

**SECOND ORDER REQUIRING PETITIONER'S COUNSEL TO CLARIFY THE ISSUES BEING RAISED IN THE PETITION FOR WRIT OF HABEAS CORPUS**

      Kevin Chorazyczewski, (the "Petitioner"), seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Frank G. Becker, Petitioner challenges his conviction for unarmed robbery, M.C.L.A. § 750.530; and being a third felony habitual offender, M.C.L.A. § 769.11. On February 2, 2017, this Court issued an opinion and order (the "Order for Clarification") requiring his attorney to clarify the issues being raised in the petition for writ of habeas corpus. (*See* ECF #6.)

      In response to the Order for Clarification, Petitioner's counsel filed a "Statement Identifying Claims Raised in Petition" (the "First Clarification Statement"). (*See* ECF #7.) In that statement, Petitioner's counsel indicates he is raising two claims:

> I. INEFFECTIVE ASSISTANCE OF COUNSEL
>
> II. WAS THERE A VIOLATION OF THE DUE PROCESS CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS "[PROTECT] THE ACCUSED AGAINST CONVICTION EXCEPT UPON PROOF BEYOND A REASONABLE DOUBT OF EVERY FACT NECESSARY TO CONSTITUTE THE CRIME WITH WHICH HE IS CHARGED ESPECIALLY AS DEMONSTRATED BY THE FAILURE TO INSTRUCT THE JURY AS TO BASIC AND CRUCIAL ISSUES SUCH AS THE USE OF FORCE, THE INITIATION OF FORCE, LEGALITY OF AN UNANNOUNCED CITIZEN'S AND SELF DEFENSE.

This identification of claims is at too high a level of generality. The First Clarification Statement does not specify each and every basis on which Petitioner claims that counsel was ineffective. It also does not state whether Petitioner's due process claim is based on any contention beyond the jury instruction issues identified above, nor does it specify which jury instructions Petitioner is challenging and/or which jury instructions should have been given.

Thus, the First Clarification Statement is not a sufficient response to the Order for Clarification. Petitioner's counsel is **ORDERED** to file within **fourteen (14) days** of this order a second statement that:

(1) Specifies in detail each and every manner in which Petitioner alleges that his counsel's performance was deficient or ineffective;

(2) For each deficiency identified in response to (1), states whether the deficiency applies to Petitioner's trial counsel, appellate counsel, or both;

2

(3) Identifies the specific jury instructions that Petitioner believes should have been given at trial, but were not;

(4) Specifies any additional grounds (other than deficient jury instructions) for Petitioner's due process claim.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 21, 2017, by electronic means and/or ordinary mail.

s/Karri Sandusky (in the absence of Holly Monda)
Case Manager
(313) 234-5241