# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN CHORAZYCZEWSKI,

                Petitioner,               Case No. 15-cv-12754
                                               Hon. Matthew F. Leitman

v.

SHERMAN CAMPBELL,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1) AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Kevin Chorazyczewski is a state prisoner confined at the Carson City Correctional Facility in Carson City, Michigan. On August 5, 2015, Chorazyczewski filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 (the "Petition").[1] (*See* ECF #1.) In the Petition, Chorazyczewski challenges his state-court conviction for unarmed robbery, M.C.L. § 750.530 and being a third felony habitual offender, M.C.L. § 769.11. For the reasons stated below, the Petition is **DENIED**.

---

[1] Chorazyczewski is represented by attorney Frank G. Becker.

# I

## A

In 2011, Chorazyczewski was charged with armed robbery and second-degree retail fraud after he was arrested for stealing a television from a Costco retail store in Pontiac, Michigan. (*See* ECF #5-12 at Pg. ID 947.)  On the first day of trial, the prosecutor moved to dismiss the retail fraud charge, and the trial court granted that motion. (*See id.*)  At the conclusion of the trial, a jury in the Oakland County Circuit Court convicted Chorazyczewski of the lesser included offense of unarmed robbery. (*See id.* at 948.)  The trial court then sentenced Chorazyczewski as a third habitual offender to a term of 10 years and 9 months to 30 years imprisonment. (*See id.*)

The relevant facts, as described by the Michigan Court of Appeals, are as follows:

> There was evidence that defendant picked up a portable television in a Costco store; put it inside his coat, left the store and was in the vestibule when store employees tried to stop him.  Each witness at trial indicated that defendant tried to run away from the Costco store, using force, violence, assault, or by putting others in fear.

*People v. Chorazyczewski*, 2012 WL 4800139, at *2 (Mich. Ct. App. Oct. 9, 2012).

Chorazyczewski appealed his conviction to the Michigan Court of Appeals and that Court affirmed. *See id*.  The Michigan Supreme Court denied leave to appeal.  *See People v. Chorazyczewski*, 828 N.W.2d 58 (Mich. 2013).

Following his direct appeals, Chorazyczewski filed a motion for relief from judgment in the state trial court. The trial court denied that motion in a thirty-one page opinion and order. (*See* ECF #5-12.) In that opinion, the trial court recited additional factual details that led to Chorazyczewski's arrest:

> Eyewitness [Earl] Alexander testified he identified himself to the Defendant as the loss prevention officer and, in turn, *the Defendant tried to stab him* with a box cutter before Alexander subdued him. (T II [6/28/11 Trial Tr.] at 32, 38–39, 46–52.) Eyewitness Willie Croskey (a Costco supervisor) testified that Alexander told the Defendant to come with him but that the Defendant "*instantly started swinging*" at Alexander and pulled out a box cutter before he was subdued. (T II at 90–95, 113 (emphasis supplied).) Eyewitness Jim Hord (a Costco manager) testified to similar events. (T II at 156–158, 165.) Eyewitness Erik Herrin (another Costco manager) testified that he did not see the box cutter (T II at 11, 14, 17) but that Alexander told the Defendant to come with him and that the Defendant's "eyes got huge and he went wild, crazy and started trying to run" and that the Defendant and Alexander then "hit the ground" together (T II at 8-10). Officers Monti and Woycehoski testified that the Defendant was struggling with the Costco employees. (T II [Id.] at 151–153, 183.)

(ECF #5-12 at Pg. ID 961; emphasis original.)

After the trial court's denial of the motion for relief from judgment, Chorazyczewski sought leave to appeal that decision in the Michigan appellate courts. Both the Michigan Court of Appeals and the Michigan Supreme Court

denied leave. *See People v. Chorazyczewski,* (Mich. Ct. App. May 30, 2014); *lv. den.* 858 N.W.2d 52 (Mich. 2015).

**B**

Chorazyczewski filed the Petition in this Court on August 5, 2015. (*See* ECF #1.) The Court reviewed the Petition and could not discern what claims Chorazyczewski was attempting to raise. The Court therefore entered a written order on February 2, 2017, in which it required Chorazyczewski's counsel to clarify the issues raised in the Petition. (*See* ECF #6.) The Court instructed Chorazyczewski and his counsel to provide "a list precisely identifying each specific claim presented." (*Id.* at Pg. ID 1218.)

Chorazyczewski's counsel responded to the Court's order on February 16, 2017. (*See* ECF #7.) His response was as follows:

> I. Ineffective Assistance of Counsel.
>
> II. Was there a violation of the Due Process Clauses of the Fifth And Fourteenth Amendments "[Protect] the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged["] especially as demonstrated by the failure to instruct the jury as to basic and crucial issues such as the use of force, the initiation of force, and the legality of an unannounced citizen['s] and self defense.

(ECF #8 at Pg. ID 1219-20.)

After the Court received Chorazyczewski's response, it was still unclear about Chorazyczewski's precise claims. It therefore informed Chorazyczewski and his counsel that the initial clarification statement was insufficient:

> Th[e] identification of claims is at too high a level of generality. The First Clarification Statement does not specify each and every basis on which Petitioner claims that counsel was ineffective. It also does not state whether Petitioner's due process claim is based on any contention beyond the jury instruction issues identified above, nor does it specify which jury instructions Petitioner is challenging and/or which jury instructions should have been given.

(ECF #9 at Pg. ID 1226.) The Court ordered Chorazyczewski to further clarify and provide additional specific details with respect to the claims brought in the Petition. (*See id.* at Pg. ID 1226-27.)

Chorazyczewski's counsel filed a second clarification statement on March 7, 2017. (*See* ECF #11.) Despite the filing of that additional statement, it is still not entirely clear to the Court precisely what claims Chorazyczewski is attempting to raise. In the analysis below, the Court has done its best to address the claims it understands Chorazyczewski to be raising based on the Court's review of the Petition and the two clarification statements filed by Chorazyczewski's counsel.

## II

## A

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" of clearly established federal law occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court

may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

## B

Chorazyczewski presented all of the claims raised in the Petition in his post-conviction motion for relief from judgment that he filed in the state trial court. The trial court declined to grant Chorazyczewski relief on some of those claims because Chorazyczewski failed to show cause and prejudice – as required by Michigan Court Rule 6.508(D)(3) – for not raising those claims on his appeal of right.

Respondent contends that these claims are procedurally defaulted. But a procedural default is not a jurisdictional bar to review of the merits of an issue, *see Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner

on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (*citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). In the Petition, Chorazyczewski appears to argue that his appellate counsel was ineffective for failing to raise these claims on his appeal of right. Ineffective assistance of counsel may establish cause for procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of a petitioner's defaulted claims, the Court will consider the merits of these claims. *See Cameron v. Birkett,* 348 F.Supp.2d 825, 836 (E.D. Mich. 2004).

The state judge also denied some of Chorazyczewski's other post-conviction claims on the merits. AEDPA's deferential standard of review applies to those claims. *See Moritz v. Lafler*, 525 Fed. App'x 277, 284 (6th Cir. 2013).

### III

In the Petition, Chorazyczewski argues that his trial and appellate lawyers provided ineffective assistance in a number of different respects. The Court will address each claim of ineffective assistance separately below.

### A

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-part test for evaluating claims of ineffective assistance of counsel. First, a defendant must show that his counsel's performance was deficient.

*See id.* at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must show "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The *Strickland* standard applies to both the alleged ineffective assistance of trial counsel and appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

To satisfy the performance prong of *Strickland*, a defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A court's scrutiny of counsel's performance is highly deferential. *See id*. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. The burden is on the defendant to overcome the presumption that the challenged action was sound trial strategy. *See id*. at 689.

To satisfy the prejudice prong of the *Strickland* test, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "This does not require a showing that counsel's actions 'more likely than not altered the outcome,'" but "[t]he likelihood of a different result must be substantial, not just conceivable."

*Harrington*, 562 U.S. at 112 (quoting *Strickland*, 466 U.S. at 693).

"The standards created by *Strickland* and § 2254(d) [which governs claims that a state court adjudicates on the merits] are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Here, Chorazyczewski has failed to establish that he is entitled to habeas relief on any of his ineffective assistance claims.

## B

### 1

Chorazyczewski first contends that his trial counsel was ineffective for (1) failing to call Gary Ledsinger as a defense witness and (2) failing to call Chorazyczewski to testify on his own behalf. Chorazyczewski claims that he and Mr. Ledsinger would have testified that although Chorazyczewski shoplifted from the Costco in question, he never threatened store security with a box cutter nor assaulted anyone in any way. According to Chorazyczewski, this testimony would have exonerated him of both the original armed robbery charge and the lesser included offense of unarmed robbery.

The trial court considered this claim on the merits and rejected it when it ruled on Chorazyczewski's post-conviction motion for relief from judgment. The trial court concluded that Chorazyczewski was not entitled to relief on this claim because Chorazyczewski only presented unsworn statements purporting to be from himself and Mr. Ledsinger.[2] (*See* ECF #5-12 at Pg. ID 957-58.) The trial court further concluded that Chorazyczewski had failed to rebut the presumption that his counsel's decision not to call Mr. Ledsinger or Chorazyczewski as witnesses was valid trial strategy. (*See id.* at Pg. ID 959.)

The trial court's rejection of this ineffective assistance claim was not unreasonable. The statements that Chorazyczewski filed with his post-conviction motion were unsworn and not notarized, and it was not unreasonable for the trial court to decline to consider those statements. *See e.g. Clark v. Waller,* 490 F.3d 551, 553, 558 (6th Cir. 2007) (noting that a "state court need not consider inadmissible evidence [when] deciding [an] ineffective assistance claim") (citing *Stewart v. Wolfenbarger*, 468 F.3d 338, 353 (6th Cir. 2006). Nor was it unreasonable for the trial court to conclude that Chorazyczewski had failed to rebut the presumption that his counsel's decision was a valid trial strategy. Accordingly, Chorazyczewski is not entitled to habeas relief on this ineffective assistance claim.

---

[2] These statements were attached to Chorazyczewski's motion for relief from judgment. (*See* ECF #5-10.)

Chorazyczewski next claims that his trial counsel was ineffective because counsel failed to explain to Chorazyczewski "the transactional interpretation of robbery" under Michigan law.  Chorazyczewski says that this failure prevented him from testifying or otherwise being able to defend himself against the robbery charge.  Chorazyczewski appears to be arguing that he could not be guilty of armed or unarmed robbery under Michigan law if he used force or violence as he was walking out of the store and only *after* he had already stolen the property.

The trial court never addressed the merits of this claim.[2] When a state court fails to adjudicate a habeas petitioner's claim on the merits, federal habeas review is not subject to the deferential standard contained in AEDPA.  Instead, those claims are reviewed *de novo. See Cone v. Bell,* 556 U.S. 449, 472 (2009).  Even under the *de novo* standard of review, this claim fails.

The theory underlying this claim of ineffective assistance appears to rest upon a misinterpretation of Michigan law.  Under applicable Michigan law, force that is used after a theft in order to flee or escape is sufficient to establish the force element

---

[2] The trial court concluded that Chorazyczewski had abandoned this claim because he had failed to brief the issue. (*See* ECF #5-12 at Pg. ID 974-75.)  Chorazyczewski's failure to brief this issue in the state court could be considered a procedural default or a failure to exhaust his claims.  However, as noted above in paragraph II(B), the Court will nonetheless review this claim on the merits despite of the potential of a procedural default.

of armed or unarmed robbery. *See People v. Passage*, 743 N.W. 2d 746, 748 (Mich. App. 2007) ("[T]he use of any force against a person during the course of committing a larceny, which includes the period of flight, is sufficient under the statute[, and] '[f]orce' is nothing more than the exertion of strength and physical power"). Here, Chorazyczewski used force as he was exiting the Costco, and that force was sufficient to establish the force element of the robbery charges against him. Chorazyczewski therefore has not shown that he suffered any prejudice from his counsel's alleged failure to discuss the transactional interpretation of robbery.

**3**

Chorazyczewski next contends that his trial counsel was ineffective for failing to object to certain jury instructions and/or for failing to request certain instructions. In a related claim, Chorazyczewski contends that he is entitled to habeas relief because of several errors related to the instructions the trial court provided the jury. The trial court considered these claims together because, as the trial court explained, if the instructions it provided to the jury "fairly presented the issues to be tried and adequately protected [Chorazyczewski's rights]," then "any error by trial counsel or [the trial court] regarding the jury instructions [could not have] seriously affect[ed] the fairness or integrity of the proceedings," and thus could not have caused Chorazyczewski to suffer any prejudice. (ECF #5-12 at Pg. ID 963.)

**a**

Chorazyczewski first argues that the trial court failed to properly instruct the jury on the elements of the armed and unarmed robbery. More specifically, Chorazyczewski says that the trial court improperly failed to give the jurors a definition of the word "assault," which was a required element necessary to support a conviction for armed or unarmed robbery. He also claims that the use of the term "put in fear" in the standard jury instructions for the robbery offense was vague and subjective and therefore constituted error.

At trial, the court instructed the jury as follows:

> The Defendant is charged with the crime of armed robbery. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the Defendant assaulted and/or put in fear Earl Alexander and/or James Hord. Second, that the Defendant did so while he was in the course of committing a larceny. [….] Third, Earl Alexander – and/or James Hord were present while Defendant was in the course of committing the larceny. Fourth, that while in the course of committing the larceny, the Defendant possessed a weapon designed to be dangerous and capable of causing death or injury, or possessed any other object capable of causing death or serious injury that the Defendant used as a weapon.
>
> As to count one you may also consider the less serious crime of robbery. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt: First, that the Defendant assaulted and/or put in fear Earl Alexander and/or James Hord. Second, that the Defendant did so while he was in the course of committing a larceny. [….] Third Earl

> Alexander and/or James Hord were present while
> Defendant was in the course of committing the larceny.

(11/16/11 Trial Tr. at 255-56, ECF #5-4 at Pg. ID 622-23.)

The trial court considered the merits of, and rejected, Chorazyczewski's claims related to these instructions when it ruled on Chorazyczewski's post-conviction motion. The trial court held that "[t]he jury was properly instructed on the elements of armed robbery and unarmed robbery," and it noted that it "relied on [the] standard jury instructions as a complete and sufficient summary of the elements of the crimes." (ECF #5-12 at Pg. ID 964.) The court further concluded that based on the facts elicited at Chorazyczewski's trial, it was "not necessary" to provide an additional definition for the term assault. (*Id.* at Pg. ID 967.) It also determined that Chorazyczewski's argument that the term "put in fear" was vague was "baseless." (*Id.* at 967-68.)

Chorazyczewski has failed to establish that the trial court's ruling was unreasonable. He has not, for example, cited any case law suggesting in any way that the instructions failed to adequately convey the essential elements of the charged offenses under Michigan law. Nor has he shown that it was unreasonable for the trial court to conclude that the standard instructions both fairly expressed the essential elements of the charged offenses and would not have confused the jury.

**b**

Second, Chorazyczewski asserts that the trial court should have given an instruction on self-defense. On post-conviction review, the trial court rejected this claim on the merits. It held that a self-defense instruction would have been incompatible with Chorazyczewski's defense that he was not guilty of armed robbery because he did not use a box cutter and was not guilty of unarmed robbery because he did not use force, assault, or put any of the Costco employees in fear. (*See id.* at Pg. ID 964.) Chorazyczewski has failed to show that the trial court's conclusion that "a self-defense instruction would have been at odds with [his] theory [at trial]" was unreasonable. (*Id.* at Pg. ID 964.) Moreover, Chorazyczewski has not shown that his trial counsel was unreasonable for presenting the defense described above rather than a self-defense defense. Because this choice of defense was not unreasonable, counsel's failure to request a self-defense instruction was not unreasonable.

**c**

Third, Chorazyczewski maintains that the trial court erred when it failed to instruct the jurors that the legality of his arrest was an element of the robbery charges. The court considered and rejected this claim on the merits on post-conviction review:

> There also is no merit to the Defendant's additional claim that the jury should have been instructed that the legality

> of the arrest is an element of robbery. Northing in the robbery statute or robbery-based jurisprudence before the Court lists or infers that the legality of the arrest is an element of robbery. Using reasonable force necessary to prevent an illegal attachment and the common law right to resist unlawful police conduct are defenses, not elements of a crime.

(*Id.* at 965.) Chorazyczewski has failed to show that the trial court's ruling, which interpreted Michigan law regarding the elements for armed and unarmed robbery, was unreasonable.

### d

Finally, Chorazyczewski claims that his trial counsel was ineffective for failing to object to, or request, the jury instructions discussed above. The trial court considered and rejected this claim on the merits on post-conviction review. The trial court held that defense counsel was not ineffective with respect to jury instruction matters because, as described above, the instructions fairly presented the controlling legal rules to the jury. The trial court's rejection of the ineffective assistance claim related to the jury instructions was not unreasonable because the trial court did not unreasonably conclude that the jury was properly instructed. *See Jacobs v. Sherman,* 301 Fed. App'x 463, 466-67 (6th Cir. 2008) (concluding that because the "[jury] instructions given were adequate .... counsel's failure to object was not objectively unreasonable").

Chorazyczewski next argues that his trial counsel was ineffective because counsel failed to call an expert witness who allegedly enhanced the Costco surveillance video of the initial confrontation between Costco security and Chorazyczewski. The trial court never addressed the merits of this claim.[3] Because this claim was not adjudicated on the merits, this Court reviews the claim *de novo. See Cone v. Bell,* 556 U.S. at 472.

Chorazyczewski is not entitled to relief on this claim because he has not shown (1) that there was an expert at the time of his trial who could have testified favorably in his defense or (2) that such an expert exists today that could testify in his favor. More specifically, Chorazyczewski has not offered any evidence to this Court that there is an expert who actually enhanced this videotape or who would be willing to testify in court about the tape in Chorazyczewski's defense. Chorazyczewski has therefore failed to show that his counsel provided inadequate assistance by failing to present testimony from such an expert.[4]

---

[3] As with many of Chorazyczewski's claims, the trial court concluded that Chorazyczewski had abandoned this claim because he had failed to brief the issue. The Court will nonetheless proceed to adjudicate the merits of the claim. (*See* fn. 2, *supra*).

[4] Moreover, the Court has reviewed the video in question. It is grainy, and the Court had difficulty attempting to discern what is or is not happening in the video. The ambiguous nature of the video further convinces the Court that Chorazyczewski's

In Chorazyczewski's next claim, he argues that his trial counsel should have accepted the trial court's offer of an adjournment after the prosecutor was permitted to dismiss the retail fraud charge. Chorazyczewski insists that his trial counsel should have used the time during such an adjournment to modify Chorazyczewski's trial strategy in light of the dismissal of the retail fraud charge. The trial court never addressed the merits of this claim.[5] Because the court never reached the merits of the claim, this Court reviews the claim *de novo. See Cone v. Bell,* 556 U.S. at 472.

Chorazyczewski cannot prevail on this claim because he has failed to show how any additional pretrial work would have been beneficial to his defense or otherwise led to a helpful modification of the defense. *See Martin v. Mitchell,* 280 F.3d 594, 607-08 (6th Cir. 2002). Trial counsel's defense was that Chorazyczewski was not guilty of armed robbery because he did not use a box cutter and was not guilty of unarmed robbery because he did not use force, assault, or put any of the Costco employees in fear. Chorazyczewski has not shown how that strategy would or should have been changed during an adjournment following the dismissal of the retail fraud charge. Because Chorazyczewski has not demonstrated how any

---

trial counsel was not ineffective for failing to present expert testimony about the video.

[5] As with many of his claims, the trial court concluded that Chorazyczewski had abandoned this claim because he had failed to brief the issue. The Court will nonetheless proceed to adjudicate the merits of the claim. (*See* fn. 2, *supra*).

additional time and/or preparation would have aided his defense, his trial counsel's failure to accept the proposed adjournment did not deprive Chorazyczewski of the effective assistance of counsel. *See e.g. Johnson v. Bell,* 525 F.3d 466, 487-88 (6th Cir. 2008).

**6**

Chorazyczewski next argues that his trial counsel was ineffective when counsel failed to introduce Chorazyczewski's medical records as proof that the Costco employees initiated the attack and used excessive force. The trial court never addressed the merits of the claim.[6] Because the court never reached the merits of the claim, this Court reviews the claim *de novo. See Cone v. Bell,* 556 U.S. at 472.

Chorazyczewski is not entitled to relief on this claim. He has not directed the Court to any specific medical records nor explained how those records would have negated any of the elements of the charged offenses or established that Costco employees "initiated" an attack against him. Moreover, even if Chorazyczewski was injured during the altercation at Costco, those injuries would not necessarily have been material to the question of whether or not Chorazyczewski used force or violence to escape after he tried to steal the television. The fact that he suffered an injury is not inconsistent with the prosecution's claim that he used unlawfully used

---

[6] As with many of his claims, the trial court concluded that Chorazyczewski had abandoned this claim because he had failed to brief the issue. The Court will nonetheless proceed to adjudicate the merits of the claim. (*See* fn. 2, *supra*).

force.  Accordingly, he has failed to show that he was prejudiced by his counsel's failure to present this evidence.

**7**

Chorazyczewski next asserts that his trial counsel was ineffective when counsel failed to bring to the jury's attention during closing arguments the fact that Chorazyczewski's retail fraud charge had been dismissed by the prosecutor. Chorazyczewski says that his counsel should have used that evidence to argue that Chorazyczewski had been overcharged.  The trial court never addressed the merits of the claim.[7]  Because the court never reached the merits of the claim, this Court reviews the claim *de novo. See Cone v. Bell,* 556 U.S. at 472.

Chorazyczewski has failed to show how he was prejudiced by his trial counsel's failure to make the "Chorazyczewski was overcharged" argument to the jury.  More specifically, Chorazyczewski has not demonstrated that there is a reasonable probably that, even if his counsel had made this argument, the result of his criminal trial would have been different.  Chorazyczewski is therefore not entitled to habeas relief on this claim.

---

[7] As with many of his claims, the trial court concluded that Chorazyczewski had abandoned this claim because he had failed to brief the issue.  The Court will nonetheless proceed to adjudicate the merits of the claim. (*See* fn. 2, *supra*).

**8**

Chorazyczewski next argues that his trial counsel was ineffective when counsel failed to advise and consult with Chorazyczewski about the prosecution's filing of the Habitual Offender Notice. The trial court never addressed the merits of the claim.[8] Because the court never reached the merits of the claim, this Court reviews the claim *de novo. See Cone v. Bell,* 556 U.S. at 472.

Chorazyczewski has not shown that the habitual offender notice was improperly filed or that he was unfairly prejudiced by the habitual offender notice. Because Chorazyczewski has not shown has how was prejudiced by this alleged ineffective assistance, he is not entitled to habeas relief on this claim.

**9**

Chorazyczewski next maintains that his trial counsel was ineffective when counsel failed to object to a "fatal variance" between the facts included in the Information filed in this case and the proofs adduced at trial. Chorazyczewski says that the Information accused him of "raising [a] box cutter above his head to threaten Hord and/or Alexander" but that the prosecution presented evidence at trial that Chorazyczewski used other kinds of physical force as well.

---

[8] As with many of his claims, the trial court concluded that Chorazyczewski had abandoned this claim because he had failed to brief the issue. The Court will nonetheless proceed to adjudicate the merits of the claim. (*See* fn. 2, *supra*).

The trial court reviewed and rejected this claim on the merits on post-conviction review. It held that Chorazyczewski was not entitled to relief, and could not show prejudice from his counsel's failure to object, because there was no legal basis for the objection under applicable Michigan law:

> There was no 'fatal variance' between the Information and proofs at trial – the proofs at trial comported with the Information. [....] That the jury ultimately found Defendant guilty of a lesser included offense, i.e. unarmed robbery, does not render the Information invalid. Similarly, none of the authority cited by the Defendant substantiates his suggestion that an information is invalid because *additional* facts come out at trial that are not included in the information (i.e. that the Information in this case is invalid because it solely refers to the Defendants' alleged action in raising a box cutter above his head to threaten Hord and/or Alexander when proofs were elicited at trial as to purported other physical force, swings, struggles as to the other subduing Costco employees and police). The authority cited by the Defendant also does not require an information to list every person who could conceivably be considered a victim of the offense.
>
> In any event, the Defendant has not demonstrated the prejudice required under [Michigan] as he offers no evidence to reasonably infer that, because of the Information, he was unaware of the acts for which he would be tried so that he could adequately put forth a defense. The Defendant's submission is utterly silence on prejudice in this context.
>
> Therefore, for all of the foregoing reasons, *the Information cannot be a basis for showing the prejudice required to establish ineffective assistance of counsel*, or the 'good cause' and 'actual prejudice' required under [Michigan law] for post conviction relief.

(ECF #5-12 at Pg. ID 971-72; emphasis added.)

The trial court's ruling was not unreasonable. Chorazyczewski has not shown that he was surprised by the alleged variance between the allegations in the Information and the evidence produced at trial nor that he was prejudiced in his ability to defend himself at trial. Because Chorazyczewski has failed to show prejudice, the trial court did not unreasonably reject his ineffective assistance of counsel claim. *See Olden v. U.S.,* 224 F.3d 561, 567 (6th Cir. 2000) (counsel's failure to challenge indictment for variance was not ineffective assistance of counsel where defendant did not establish prejudice from any purported variance).

**10**

Finally, Chorazyczewski insists that his appellate counsel was ineffective for failing to raise the above-discussed claims on his appeal of right. The Oakland County Circuit Court judge considered and rejected this claim on post-conviction review. (*See* ECF #5-12 at Pg. ID 955-57.)

The trial court did not unreasonably reject this claim. Because none of Chorazyczewski's underlying claims were meritorious, the state trial judge did not unreasonably conclude that appellate counsel was not ineffective for failing to raise these issues on Chorazyczewski's direct appeal.

# IV

For all of the reasons stated above, the Petition (ECF #1) is **DENIED**.

The Court also **DECLINES** to issue Chorazyczewski a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

The Court denies Chorazyczewski a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated:  September 11, 2017          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764