UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CHORAZYCZEWSKI,

        Petitioner,                      Case No. 15-cv-12754
                                                 Hon. Matthew F. Leitman

v.

SHERMAN CAMPBELL,

        Respondent.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF #15)

On September 11, 2017, this Court issued an opinion and order in which it denied Petitioner Kevin Chorazyczewski's Petition for a Writ of Habeas Corpus. (*See* ECF #13.) Chorazyczewski has now filed a Motion for Reconsideration Pursuant to FRCP 59(e). (*See* ECF #15.) For the reasons explained below, the motion is **DENIED**.

Chorazyczewski seeks relief under Rule 59(e) of the Federal Rules of Civil Procedure. Reconsideration under Rule 59(e) is warranted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence;

1

and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Ind.*, 86 F.Supp.2d 721, 726 (E.D. Mich. 2000). Finally, "reconsideration of a judgment [under Rule 59(e)] is an extraordinary remedy which should be used sparingly." 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d ed. 2017).

Chorazyczewski has failed to show that he is entitled to relief under this governing standard. Indeed, the bulk of his motion for reconsideration consists of a number of questions that merely restate the arguments he previously presented in his habeas petition. The posing of those questions falls far short of demonstrating a "clear error" or "manifest injustice."

One point raised by Chorazyczewski in the motion does warrant a substantive response. Chorazyczewski complains that this Court wrongly rejected his ineffective assistance of counsel claim based upon the failure of his trial counsel to call Chorazyczewski and one of his friends, Gary Ledsinger, as defense witnesses during trial. Chorazyczewski presented this claim to the state court in his motion for relief from judgment, and the state court rejected it because, among other things, Chorazyczewski supported the claim with unsworn declarations from himself and Ledsinger. This Court held that the state court's rejection of the claim was not unreasonable. (*See* ECF #13 at Pg. ID 1260-61.)

2

Chorazyczewski asserts that the state trial court made a "false statement" when it described his declaration and Ledsinger's declaration as unsworn. (ECF #15 at Pg. ID 1281.) He insists that both declarations were sworn because he and Ledsinger executed them pursuant to 28 U.S.C. § 1746 ("Section 1746"). Section 1746 provides:

> Wherever, *under any law of the United States* or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> **(1)** If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
> (Signature)".
>
> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

28 U.S.C. § 1746 (emphasis added).

As the text of Section 1746 indicates, the statute allows "the use of unsworn declarations in *federal judicial proceedings*." *Bartholomew v. Blevins*, 679 F.3d 497, 502–03 (6th Cir. 2012) (emphasis added). And a number of state courts have held that the statute does not treat unsworn statements as the equivalent of sworn ones in state proceedings. *See, e.g., Toledo Bar Ass'n v. Neller*, 809 N.E.2d 1152 (Ohio 2004); *Baker v. State*, 796 S.W.2d 426, 427 (Mo. App. 1990) ("Movant's reliance upon 28 U.S.C. § 1746 as a substitute for verification as required by Missouri law is misplaced. 28 U.S.C. §1746 applies to matters subject to federal law, not to matters subject to the law of the State of Missouri."); *O'Such v. State*, 423 So.2d 317, 319 (Ala. Crim. App. 1982).

Chorazyczewski has not cited any authority for the proposition that an unsworn declaration executed pursuant to Section 1746 has any force under Michigan law, and the Court has found none. On the contrary, in *Streater v. Wayne County Treasurer*, 2014 WL 3705086 (Mich. Ct. App. July 24, 2014), the Michigan Court of Appeals said that it was "unclear why plaintiff [made a] reference" to Section 1746 because that statute allows unsworn declarations "to be accepted by *federal* courts." *Id.* at n. 1 (emphasis added). Moreover, while this Court did find one Michigan statute allowing the use of unsworn declarations in lieu of sworn ones, *see* Mich. Comp. Laws § 600.2183, that statute "applies [only] to an unsworn declaration by a declarant who at the time of making the declaration is physically

4

located outside the boundaries of the United States….." Neither Chorazyczewski nor Ledsinger were outside of the United States when they signed their declarations. Finally, the state court cited substantial Michigan authority for the proposition that the unsworn statements in Chorazyczewski's declaration and Ledsinger's declaration are *not* the equivalent of sworn ones under Michigan law. (*See* State Ct. Opinion and Order, ECF #5-12 at Pg. ID. 957.) For all of these reasons, Chorazyczewski has failed to show that the state court made a "false statement" when it concluded, as a matter of state law, that the declarations of Chorazyczewski and Ledsinger were unsworn.[1]

Chorazyczewski's reliance on his declaration and Ledsinger's declaration is misplaced for another reason. In the declarations, Chorazyczewski and Ledsinger both assert that they would have provided helpful testimony to the defense, and Chorazyczewski further asserts that he was surprised and disappointed that his trial counsel did not call him and Ledsinger as defense witnesses. However, Chorazyczewski confirmed on the record to the trial court (1) that he and his trial

---

[1] Even if the state court had made an error of state law in that regard, the error would not be cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993) ("[H]abeas relief cannot be granted simply on the basis of a perceived error of state law") (internal quotation marks omitted). Moreover, the Court is not independently concluding that a declaration under Section 1746 has no force under Michigan law. Instead, the Court concludes only that Chorazyczewski has failed to show the state court erred when it so held.

5

counsel discussed counsel's strategic advice that Chorazyczewski not testify and that he not present a defense and (2) that he *agreed* with that decision. (*See* Trial Tr. Vol. III at 194-96, ECF #5-4 at Pg. ID 561-63.) Given Chorazyczewski's statements on the record (and other aspects of the record revealing the defense strategy discussed by the state trial court, *see* State Ct. Opinion and Order, ECF #5-12 at Pg. ID 958-59), the state trial court did not unreasonably conclude that Chorazyczewski failed to rebut the presumption that counsel's decision not to call Chorazyczewski and Ledsinger was reasonable trial strategy. (Likewise, the state court did not unreasonably conclude that even if counsel made a strategic error in not calling Chorazyczewski and Ledsinger, Chorazyczewski failed to show prejudice from that error. *See id.* at Pg. ID 960-61.)

Finally, Chorazyczewski highlights that in a related civil case, the United States Court of Appeals for the Sixth Circuit ruled that he was entitled to an evidentiary hearing based, in part, on the unsworn declarations from himself and Ledsinger. (*See* ECF #15 at Pg. ID 1280, citing *Chorazyczewski v. Costco Wholesale Corp.*, 627 Fed. App'x 515 (6th Cir. 2015)). Chorazyczewski's reliance on the related civil proceedings is misplaced for two reasons. First, the related proceedings are *federal* ones to which Section 1746 *does* apply. The Sixth Circuit's decision does not demonstrate that the state court erred in treating the declarations of Chorazyczewski and Ledsinger as unsworn under *state* law.

Second, when Chorazyczewski did receive an evidentiary hearing before another Judge of this Court in the related civil proceedings, that Judge specifically found that Chorazyczewski and Ledsinger were *not* credible with respect to the matters addressed in their declarations:

> With the exception of [Chorazyczewski] and Gary Ledsinger, the Court found the witnesses to be credible.
>
> Simply stated, Ledsinger's testimony was not credible and was blatantly contradicted by the video evidence of the incident.
>
> [Chorazyczewski's] testimony was also not credible. [Chorazyczewski] gave conflicting testimony about the incident and [Chorazyczewski] testimony was also contradicted by the video evidence of the incident. In addition, [Chorazyczewski] testified that he remembers very little of the incident and is unaware of how his injuries occurred on the date of the incident.

*Chorazyczewski v. Costco Wholesale Corp.*, 2016 WL 6600030, at *3 (E.D. Mich. Nov. 8, 2016). Given the conclusion of the Judge in the related civil case, this Court deems it highly unlikely that (1) the result of Chorazyczewski's state court trial would have been different if trial counsel had called Chorazyczewski and Ledsinger as defense witnesses and/or (2) that the state court would have granted Chorazyczewski's motion for relief from judgment if it had held an evidentiary hearing and heard testimony from Chorazyczewski and Ledsinger.

For all of the reasons explained above, the Court concludes that Chorazyczewski is not entitled to relief under Rule 59(e). Accordingly, **IT IS HEREBY ORDERED** that Chorazyczewski's Motion for Reconsideration Pursuant to FRCP 59(e) (ECF #15) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: October 3, 2017         UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 3, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764